UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**TORIANO ADAMS,**<br><br>Defendant. | **2:18-CR-20641-TGB-APP-1**<br><br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 340)** |

Toriano Adams pleaded guilty to conspiracy to commit wire fraud, 18 U.S.C. § 1349; conspiracy to commit money laundering, § 1956(h); and seven counts of aggravated identity theft, § 1028A(a)(1). He was sentenced to 84 months in prison and a 3-year term of supervised release.

Adams has filed a motion under Federal Rule of Civil Procedure 60(a) to correct an error in his judgment. (ECF No. 340.) He asserts that, because his bond conditions were so severe, the Court committed an error by failing to incorporate into the judgment sentencing credit for the time he spent on bond before he began serving his sentence.

The motion must be denied for a procedural reason: A defendant cannot seek relief from a criminal sentence under Rule 60(a) because it does not apply to criminal proceedings. *See* Fed. R. Civ. P. 1 ("These rules govern … in all *civil* actions and proceedings." (emphasis added)); *see also United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003).

The most analogous rule of federal criminal procedure is Rule 36. This rule allows a court to correct "clerical error[s]" in criminal judgments at any time. Such errors cannot be ones "of judgment or even of misidentification;" they must be "mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (internal quotations omitted).

But even under Rule 36, the motion fares no better. The Bureau of Prisons—not the Court—is the entity which initially calculates what credit a defendant is due for pretrial detention. *United States v. Wilson*, 503 U.S. 329, 335 (1992). And the "error" Adams attempts to assert is not a clerical one but a collateral attack that belongs in a motion for relief under 28 U.S.C. § 2241. *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). Were the Court to construe his filing as such a motion, home confinement is not the type of detention that would lead to sentencing credit under 18 U.S.C. § 3585(b). *Reno v. Koray*, 515 U.S. 50, 57 (1995).

Adams's motion is **DENIED.**

**IT IS SO ORDERED**, this 8th day of November, 2022.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge

2